# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PADDOCK, | CASE NO. 1:04-CV-5932-OWW-SMS-P |
| Plaintiff, | SECOND ORDER DIRECTING UNITED STATES MARSHAL TO INITIATE SERVICE WITHOUT PREPAYMENT OF COSTS |
| v. | |
| JEANNE WOODFORD, et al., | (Doc. 28) |
| Defendants. | |

Plaintiff Michael Paddock ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000). On March 29, 2005, the court ordered the United States Marshal to initiate service on defendants Woodford and Powers-Mendoza. On May 2, 2005, the Marshal returned the summons and USM-285 form for defendant Woodford on the ground that Woodford could not be located. Included with the documents was a letter from the Department of Corporations stating that no employee by the name Jeanne Woodford worked for the Department.

The court has reviewed the documents and ascertained that the Marshal attempted to serve Woodford at the Department of Corporations rather than the Department of Corrections because plaintiff provided an incorrect address on the service documents. The Clerk's Office shall complete a USM-285 form and a summons on plaintiff's behalf with the correct address for the Department of Corrections, and the Marshal shall attempt re-service.

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward the following documents to the United States Marshal:

    (1) One completed and issued summons for <u>each</u> defendant to be served;

    (2) One completed USM-285 form for <u>each</u> defendant to be served;

    (3) One copy of the complaint filed on July 6, 2004 for <u>each</u> defendant to be served, plus an extra copy for the Marshal;

    (4) One copy of this order for <u>each</u> defendant to be served, plus an extra copy for the Marshal;

    (5) One copy of the court's consent form for <u>each</u> defendant to be served.

2. Within ten days from the date of this order, the United States Marshal is directed to notify the following defendants of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

    **JEANNE WOODFORD**

3. The U.S. Marshal is directed to retain the summons and a copy of the complaint in their file for future use.

4. The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

5. If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

    a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

    b. Within ten days after personal service is effected, the United States Marshal shall

file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

6. In the event that defendant makes an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshals Service need not personally serve defendant.

7. In the event that defendant either waives service or is personally served, defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

**Dated:** **June 14, 2005**          /s/ Sandra M. Snyder
i0d3h8                             UNITED STATES MAGISTRATE JUDGE