# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PADDOCK,<br><br>        Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>        Defendants. | CASE NO. 1:04-CV-5932-OWW-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 23) |

Plaintiff Michael Paddock ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000). This action is proceeding against defendants Woodford and Mendoza-Powers ("defendants") on plaintiff's claim that his rights under RLUIPA are being violated by the Department of Corrections' grooming policy. On March 21, 2005, plaintiff filed a motion seeking a court order mandating that prison officials accord plaintiff and his inmate legal assistant priority legal user status.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must

demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). This action is proceeding against defendants for allegedly violating RLUIPA. The issuance of an order mandating that plaintiff and his assistant be accorded priority legal user status would not remedy the claim alleged in this action. Accordingly, the court lacks jurisdiction to issue such an order.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed March 21, 2005, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 1, 2005**           /s/ Sandra M. Snyder
icido3                                 UNITED STATES MAGISTRATE JUDGE