# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL PADDOCK,

          Plaintiff,

    v.

JEANNE WOODFORD, et al.,

          Defendants.

_____/

CASE NO. 1:04-CV-5932-OWW-SMS-P

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL

(Doc. 40)

Plaintiff Michael Paddock ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000). On September 2, 2005, plaintiff filed a motion seeking the appointment of counsel.

The court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

1

1   which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with

2   similar cases almost daily.  In light of the Ninth Circuit's ruling in <u>Warsoldier v. Woodford</u>, 415 F.3d

3   989 (9th Cir. 2005), there is a chance that plaintiff will succeed on the merits.  However, at this stage

4   in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the

5   merits, and based on a review of the record in this case, the court does not find that plaintiff cannot

6   adequately articulate his claims.  <u>Terrell</u>, 935 F.2d at 1017.

7           For the foregoing reasons, plaintiff's motion for the appointment of counsel, filed September

8   2, 2005, is denied, without prejudice.

9

10  IT IS SO ORDERED.

11  **Dated:    September 23, 2005               /s/ Sandra M. Snyder              **
12  i0d3h8                                      UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28