# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PADDOCK, | CASE NO. 1:04-cv-05932-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| JEANNE WOODFORD, et al., | (Doc. 56) |
| Defendants. | |

I.  Findings and Recommendations Addressing Defendants' Motion for Summary Judgment

   A.  Procedural History

Plaintiff Michael Paddock ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")). This action is proceeding on plaintiff's complaint, filed July 6, 2004, against defendants Mendoza-Powers and Woodford ("defendants") on plaintiff's claim that they violated his rights under RLUIPA by substantially burdening his religious exercise. Following the court's ruling on defendants' motion to dismiss, plaintiff's claim for injunctive relief is the only remaining claim. (Doc. 47.) Defendants filed a motion for summary judgment on November 6, 2006. (Doc. 56.) Plaintiff filed a statement of non-opposition on February 23, 2007,[1] and defendants filed a reply on February 26, 2007. (Docs. 59, 60.)

///

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the court in an order filed on March 29, 2005. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (Doc. 27.)

1

B.  <u>Legal Standard</u>

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id</u>. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Id</u>. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id</u>. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id</u>. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

///

2

return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

C.  Undisputed Facts

1. On November 1, 2006, Anthony Pitoniak, Litigation Coordinator, Avenal State Prison, conducted an examination of plaintiff's central file and found no disciplinary documents related to plaintiff wearing his hair long.
2. Whether such documents had been previously expunged or whether plaintiff had never received any official censure for violating the earlier grooming standard is unknown.

3.  As of November 1, 2006, there are no California Department of Corrections and Rehabilitation ("CDCR") 115 or 128 documents in plaintiff's central or other files reflecting any action taken due to him wearing his hair in excess of that permitted by the former regulation.

### D. Plaintiff's RLUIPA Claim

Plaintiff filed this action pursuant to the Religious Land Use and Institutionalized Persons Act of 2000, which provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. At issue was CDCR's grooming regulation, which required inmates to keep their hair no longer than three inches. Plaintiff alleged he is an American Indian and the regulation burdened the practice of his religion. Plaintiff sought an order prohibiting defendants from enforcing the grooming regulation against him, and mandating the removal of any disciplinary reports relating to grooming regulation violations from his cental file.

It is undisputed that the grooming regulation was modified to permit inmates to wear their hair any length as long as it does "not extend over the eyebrows, cover the inmate's face or pose a health or safety risk." Cal. Code Regs., tit. 15 § 3062(e) (2007). Further, it is undisputed that there is no documentation in plaintiff's central file regarding disciplinary action taken for violating the grooming regulation. Accordingly, defendants are entitled to judgment as a matter of law on the remaining claim against them.

### E. Conclusion

For the reasons set forth herein, it is HEREBY RECOMMENDED that defendants' motion for summary judgment, filed November 6, 2006, be GRANTED, thus concluding this matter in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

**days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 4, 2007**                                    /s/ Sandra M. Snyder
icido3                                                                UNITED STATES MAGISTRATE JUDGE